

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,467

**EX PARTE ANTHONY CHARLES FOSTER, JR., Applicant**

### ON REHEARING ON THE COURT'S OWN MOTION OF APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 18,072-A IN THE 47TH DISTRICT COURT FROM RANDALL COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to thirty-five years' imprisonment.

Applicant contended that his counsel rendered ineffective assistance because he failed to file a notice of appeal. We remanded this application to the trial court for findings of fact and conclusions of law. The trial court determined that counsel failed to file a notice of appeal. We

granted Applicant an out-of-time appeal by an opinion issuing on December 15, 2010. However, we did not instruct the trial court to appoint appellate counsel, and no action was taken on Applicant's appeal after this Court's mandate issued until the deadline for filing notice of appeal had passed.

Given the facts before this Court, we now reconsider *sua sponte* our previous disposition. We therefore withdraw our prior opinion and substitute this opinion. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 18,072-A from the 47th Judicial District Court of Randall County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: June 15, 2011
Do Not Publish